IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Jonathan Jackson,<br><br>    Plaintiff,<br><br>   vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company,<br>Trans Union, LLC,<br>a Delaware limited liability company,<br>U.S. Auto Credit Corporation,<br>a foreign corporation,<br>Wells Fargo Bank, N.A.,<br>a national banking association, and<br>WebBank,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, JONATHAN JACKSON, BY AND THROUGH COUNSEL, Alex Simanovsky, Esq., and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gordon, Wilkinson County, Georgia.

4. Venue is proper in the Middle District of Georgia, Macon Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Gordon, Wilkinson County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

   b. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the State of Georgia;

   c. U.S. Auto Credit Corporation ("U.S. Auto") is a foreign corporation that conducts business in the State of Georgia;

   d. Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association that conducts business in the State of Georgia; and

   e. WebBank is a foreign corporation that conducts business in the State of Georgia.

## **GENERAL ALLEGATIONS**

7. Defendants U.S. Auto, Wells Fargo and WebBank (collectively "Furnishers") are inaccurately reporting their trade lines (collectively "Errant Trade Lines") on Plaintiff's credit disclosures.

8. Specifically, U.S. Auto is inaccurately reporting its trade line on Plaintiff's Trans Union credit disclosure with an erroneous scheduled monthly payment of $498.00.

9. Wells Fargo is inaccurately reporting its trade line on Plaintiff's Equifax credit disclosure with an erroneous scheduled monthly payment of $522.00.

10. Also, WebBank is inaccurately reporting its trade line on Plaintiff's Equifax credit disclosure with an erroneous scheduled monthly payment of $23.00.

11. The accounts reflected by the Errant Trade Lines are charged off and closed.

12. The Errant Trade Lines should be reported by the Furnishers with a scheduled monthly payment of $0. Plaintiff no longer has an obligation to make monthly payments on any of the accounts reflected by the Errant Trade Lines.

13. By reporting a monthly payment due on a charged off account, the Defendants are making their trade lines misleading to readers of his credit report. Moreover, the defendants are creating a negative impact on the Plaintiff's credit score, making it more difficult for him to obtain credit.

14. Finally, the reporting of a monthly payment on an account that is charged off violates industry standards as further recited in the Credit Reporting Resource Guide, the Bible of the credit reporting industry.

15. On March 30, 2018, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed the Errant Trade Lines reporting inaccurately with a scheduled monthly payment amount.

16. On or about May 11, 2018, Plaintiff submitted a letter to Equifax, Trans Union disputing the Errant Trade Lines.

17. In his dispute letters, Plaintiff explained that the accounts reflected by the Errant Trade Lines are charged off and Plaintiff no longer has an obligation to make monthly payments.

18. He asked Equifax, Trans Union to report the scheduled monthly payment amount as $0 on the Errant Trade Lines.

19. Upon information and belief, Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

20. Plaintiff has not received Equifax's investigation results. Therefore, on June 25, 2018, Plaintiff obtained his Equifax credit disclosure which showed that Equifax and the Furnishers failed or refused to report the scheduled monthly payment amount as $0 on the Errant Trade Lines.

21. Plaintiff has not received Trans Union's investigation results. Therefore, on June 25, 2018, Plaintiff obtained his Trans Union credit disclosure which showed that Trams Union and U.S. Auto failed or refused to report the scheduled monthly payment amount as $0 on the Errant Trade Line.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY U.S. AUTO**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Trans Union of Plaintiff's consumer dispute of the scheduled monthly payment on the Errant Trade Line, U.S. Auto negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. U.S. Auto negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to report the monthly payment as $0 on the Errant Trade Line.

26. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such trade line.

27. As a direct and proximate cause of U.S. Auto's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. U.S. Auto is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against U.S. Auto arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant U.S. Auto for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY U.S. AUTO**

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, U.S. Auto willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the monthly payment as $0 on the Errant Trade Line.

32. U.S. Auto willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of U.S. Auto's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. U.S. Auto is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant U.S. Auto for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment on the Errant Trade Line, Wells Fargo negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

37. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the monthly payment as $0 on the Errant Trade Line.

38. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such trade line.

39. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

41. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO**

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the monthly payment as $0 on the Errant Trade Line.

44. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

45. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment on the Errant Trade Line, WebBank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

49. WebBank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the monthly payment as $0 on the Errant Trade Line.

50. The Errant Trade Line is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such trade line.

51. As a direct and proximate cause of WebBank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. WebBank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

53. Plaintiff has a private right of action to assert claims against WebBank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant WebBank for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK**

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, WebBank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the monthly payment as $0 on the Errant Trade Line.

56. WebBank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

57. As a direct and proximate cause of WebBank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

58. WebBank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant WebBank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

61. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

62. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

63. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

69. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

70. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

72. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

73. Plaintiff realleges the above paragraphs as if recited verbatim.

74. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

75. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

76. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

77. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

78. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

79. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

80. Plaintiff realleges the above paragraphs as if recited verbatim.

81. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

82. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

83. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

84. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

85. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

86. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 23, 2018

By: */s/ Alex Simanovsky*
Alex Simanovsky
Georgia Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Telephone: (678) 781-1012
Facsimile: (877) 570-5413
E-Mail: alex@a-s-law.com
Attorneys for Plaintiff,
Jonathan Jackson