# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JONATHAN JACKSON,**<br><br>*Plaintiff*,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; U.S. AUTO CREDIT CORPORATION; WELLS FARGO BANK, N.A.; and WEBBANK,**<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:18-cv-00271-TES** |

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant U.S. Auto Credit Corporation's ("U.S. Auto") Motion to Dismiss [Doc. 31] for lack of subject-matter jurisdiction and for failure to state a claim. For the reasons explained below, the Court **DENIES** this motion.

## STANDARD OF REVIEW

The Court is obligated to dismiss any case in which it finds that it does not have subject-matter jurisdiction. *Butler v. Morgan*, 562, F. App'x 832, 834 (11th Cir. 2014) ("A court must dismiss a complaint if it determines that jurisdiction is lacking."). A challenge to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) can be either facial or factual. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Where, as in this case, the movant's motion is based

on the plaintiff's failure to allege a basis for subject-matter jurisdiction, the challenge is facial. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). When considering a facial challenge to the Court's subject-matter jurisdiction, "a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the [C]ourt must consider the allegations of the complaint to be true." *Id.*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in a plaintiff's complaint. *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009). A plaintiff's claims will survive a motion to dismiss if the complaint pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action" or "conclusory statements." *Iqbal*, 556 U.S. at 678. Thus, to decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *See McCullough v. Finley*, 907 F.3d 1324, 1333, (11th Cir. 2018). The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The Court recounts the facts of this case below in light of this standard.

## FACTUAL BACKGROUND

This Fair Credit Reporting Act ("FCRA") case arises out of Defendants U.S. Auto, Wells Fargo Bank, N.A. ("Wells Fargo"), and WebBank's (collectively "Furnisher Defendants") allegedly inaccurate reporting of Plaintiff's credit information. [Doc. 25, at ¶ 7]. Plaintiff alleges that on March 30, 2018, he obtained credit disclosures from Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"). [*Id.* at ¶15]. The Trans Union disclosure allegedly showed that Defendant U.S. Auto incorrectly reported a scheduled monthly payment of $498 despite Defendant U.S. Auto having charged off and closed the account. [*Id.* at ¶¶ 8 & 11]. Likewise, the Equifax disclosure allegedly showed that Defendant Wells Fargo incorrectly reported a scheduled monthly payment of $522 despite having charged off the account. [*Id.* at ¶ 9]. On April 2, 2018, Plaintiff allegedly obtained a credit disclosure from Defendant Experian Information Solutions, Inc. ("Experian") which also included a scheduled monthly payment on an account that had been charged off, in this case by Defendant WebBank. [*Id.* at ¶10].

Plaintiff maintains that, because Defendants Wells Fargo, U.S. Auto, and WebBank had charged off these accounts, he no longer had an obligation to make monthly payments on them. [Doc. 25, at ¶ 12]. Accordingly, in Plaintiff's view, the scheduled monthly payments should have been listed as zero dollars. [*Id.*]. After becoming aware

3

of the allegedly inaccurate trade lines, Plaintiff allegedly sent letters to Defendants Trans Union, Equifax, and Experian, informing them of the perceived inaccuracy and requesting that they alter the trade lines to reflect a scheduled monthly payment of zero dollars. [*Id.* at ¶¶ 17-19]. Plaintiff maintains that Defendants Equifax, Trans Union, and Experian then forwarded these letters to the Furnisher Defendants so that they could investigate the alleged inaccuracies. [*Id.* at ¶ 20]. Plaintiff asserts that he did not receive Defendants Trans Union or Experian's investigation results by June 25, 2018, so he obtained additional credit disclosures from these Defendants which showed that they or the Furnisher Defendants had refused to report the scheduled monthly payment as zero dollars. [*Id.* at ¶ 22]. Similarly, Plaintiff asserts that he did not receive Defendant Experian's investigation results by July 26, 2018, so he obtained an additional credit disclosure from Defendant Experian which also showed that either Defendant Experian or Defendant WebBank failed or refused to report the trade line as Plaintiff requested. [*Id.* at ¶ 23]. In light of Defendants' refusal to alter their credit disclosures, Plaintiff filed this action against Defendants for negligent and willful violations of the FCRA alleging financial and emotional injuries. *See* [Doc. 25, at ¶¶ 24, 26, 33, 38, 45, 51, 57, 64, 71, 78, 85, 92 & 99].

## DISCUSSION

Defendant U.S. Auto raises two grounds for dismissal. First, U.S. Auto argues that Plaintiff has not alleged that he suffered an injury that would satisfy Article III's standing

requirement. *See* [Doc. 31, at pp. 4-5]. S*ee also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (discussing standing as rooted in Article III's case or controversy requirement). Second, U.S. Auto argues that, even if Plaintiff has standing, his Amended Complaint [Doc. 25] fails to state a claim for which relief may be granted. *See generally* [Doc. 31]. The Court discusses these arguments in turn.

## I. STANDING (RULE 12(B)(1) MOTION)

The Court finds that Plaintiff has sufficiently alleged an injury to satisfy Article III's standing requirement. In *Spokeo, Inc. v. Robins*, the Supreme Court held that for a plaintiff to have standing, he or she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the Defendant, and (3) that is likely to be redressed by a favorable judicial decision." 136 S. Ct. at 1547. Defendant U.S. Auto argues that Plaintiff did not "sufficiently allege that U.S. Auto committed a statutory violation which resulted in any concrete, particularized, harm that Plaintiff was deprived of and which Congress sought to protect in enacting the FCRA." [Doc. 31, at p. 5]. Simply put, Defendant U.S. Auto maintains that Plaintiff has not alleged that he suffered "an injury in fact."[1] *Spokeo, Inc.*, 136 S. Ct. at 1547. The Court disagrees.

---

[1] Defendant U.S. Auto also argues that Plaintiff merely asserts "informational injuries" i.e. a denial of access to information that becomes an injury in fact when accompanied by a concrete harm. [Doc. 31, at 5] (citing *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345-46 (4th Cir. 2017)). But this argument is unavailing. As the cases Defendant U.S. Auto cites make clear, an informational injury arises only when a defendant denies a plaintiff access to information that the plaintiff has a statutory right to access. *See Dreher*, 856 F.3d at 345 ("Rather, a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled and that the denial of that information creates a 'real' harm with

Plaintiff, in his Amended Complaint, makes several allegations that clearly satisfy the injury in fact requirement. For example, Plaintiff alleges that "[a]s a direct and proximate cause of U.S. Auto's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment." [Doc. 25, at ¶ 35]. Plaintiff further alleges that he "has suffered credit and emotional damages" as a result of the allegedly inaccurate trade lines including "undue stress and anxiety" and the inability to obtain "more favorable credit terms." [*Id.* at 24].[2] Both types of injuries—emotional and credit-related—are compensable under the FCRA. *See Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982) ("Even when there are no out-of-pocket expenses, humiliation and mental distress do constitute recoverable elements of damage under the [FCRA]."); *Moore v. Equifax Info. Servs. LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004) ("Plaintiff testified that he suffered humiliation and embarrassment as a result of Equifax's inaccurate credit report. Such damages for mental distress are recoverable under the FCRA even if the consumer has

---

an adverse effect."). So, Defendant U.S. Auto is correct to say that Plaintiff has not pled an informational injury but, as explained, Defendant U.S. Auto's preoccupation with disproving an informational injury led it to ignore Plaintiff's clear allegations of emotional and financial injury caused by Defendant U.S. Auto.

[2] This allegation is not contained in Counts I or II—the counts directed at Defendant U.S. Auto—of Plaintiff's Amended Complaint. However, Plaintiff did incorporate this allegation by reference into both Count I and II of the Amended Complaint. *See* [Doc. 25, at ¶¶ 25 & 32]. The practice of incorporating earlier allegations by reference is permissible though highly disfavored in this Circuit and Plaintiff's counsel is advised to refrain from structuring their pleadings in this way in the future. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").

suffered no out-of-pocket losses.") (internal citation omitted); *Hickman v. Pa. Higher Educ. Assistance*, No. 1:17-CV-0388-LMM-JFK, 2017 WL 8186732, at *4 (N.D. Ga. Sept. 27, 2017) (holding that allegation that plaintiff's creditworthiness was impacted by inaccurate credit disclosure was sufficient to satisfy injury in fact requirement for standing). Therefore, Plaintiff's allegations that he suffered these types of injuries are sufficient to satisfy the injury in fact requirement to give him standing to bring this claim.[3] Consequently, the Court denies Defendant U.S. Auto's Rule 12(b)(1) motion.

## II. FAIR CREDIT REPORTING ACT (RULE 12(B)(6) MOTION)

The Court now turns to Defendant U.S. Auto's Rule 12(b)(6) motion and finds that it is without merit. Although the FRCA imposes several distinct duties on furnishers of information, only one of these duties—the duty to investigate following a notice of dispute—creates a private right of action. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) ("Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts. Instead, the only private right of action consumers have against furnishers is for a violation of § 1681s–2(b), which requires furnishers to conduct an investigation following notice of a dispute.") (internal citations omitted). However, prior to recovering from a furnisher for failing to conduct a reasonable investigation following a notice of dispute, a plaintiff must

---

[3] Although Plaintiff has sufficiently alleged injuries to survive the instant motion, the Court emphasizes that nothing in this order precludes Defendants from raising this issue again at the summary judgment stage where Plaintiff will have to provide actual evidence of the asserted injuries.

7

prove that the information the furnisher provided was inaccurate or materially misleading. *Felts*, 893 F.3d at 1313. As the Eleventh Circuit explained,

> a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher conducted a reasonable investigation, the result would have been different; i.e., that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information.

*Id*.

The dispute between the parties turns on whether the credit disclosure was inaccurate or materially misleading. On the one hand, Defendant U.S. Auto argues that it accurately reported the original scheduled monthly payment to Defendant Trans Union. [Doc. 31, at p. 7] ("The disclosure accurately states that Plaintiff's monthly payment was '$498' during the time period his account was current and until it was 'charged off as bas debt.'"). On the other hand, Plaintiff argues that because the debt was charged off, the monthly payment amount should have been reported as "$0." [Doc. 33, at pp. 9-10].[4]

Other courts faced with this same dispute have reached different conclusions. For

---

[4] In support of its contention that the credit disclosure was accurate, Defendant U.S. Auto attached a copy of the disclosure as an exhibit to the instant motion. *See* [Doc. 31-1]. Generally, documents outside the pleadings are not considered when ruling on a motion to dismiss. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). "But a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." *Id.* The Court finds that both of these requirements are met. Plaintiff directly references this document at least three times in his Amended Complaint. *See* [Doc. 25, at ¶¶ 8, 15 & 22]. Additionally, Plaintiff did not dispute the authenticity of the disclosure Defendant U.S. Auto submitted. Accordingly, the Court will consider the credit disclosure in ruling on this motion.

8

example, in *Connor v. JP Morgan Chase Bank, N.A.*, the plaintiff alleged that a credit disclosure was inaccurate where it indicated a "'Scheduled Payment Amount' of $1,593.00, and a 'Actual Payment Amount' of $1,592.00" despite the fact that the debt had been discharged in an earlier bankruptcy proceeding. No. 15 C 8601, 2016 WL 7201189, at *1 (N.D. Ill. March 22, 2016). The defendant furnisher in *Connor* moved for summary judgment on the grounds that the disclosure was accurate because the scheduled payment amount trade line was merely historical information about the debt and that other information in the disclosure clearly indicated that the debt had been discharged. *Id.* at 2. The Court held that the plaintiff had failed to state a claim because the disclosure, when taken as a whole, clearly indicated that the debt had been discharged both by expressly stating that the account had been discharged in bankruptcy and by reporting a zero balance on the account. *Id.* at 3. Although the present case is similar *Connor* in some respects, it is materially different in that the Trans Union credit disclosure listed a remaining balance of $7,411 despite the fact that the debt was charged off. *See* [Doc. 31-1].

In contrast to *Connor*, the court in *Freedom v. Citifinancial, LLC*, held that the plaintiff had sufficiently alleged that a credit disclosure was inaccurate where it reported a scheduled payment amount and a remaining balance on a debt that had been discharged in an earlier bankruptcy proceeding. No. 15 C 10135, 2016 WL 4060510, at *6 (N.D. Ill. July 25, 2016). The court reasoned that "materially misleading" information can

9

satisfy the inaccuracy requirement for purposes of an FCRA claim and that "reporting a 'scheduled payment' could create the mistaken impression that Plaintiff still owed on the account, which was not accurate because his debt had been discharged in bankruptcy." *Id.*; *see also Jackson v. Experian Info. Sols., Inc.*, Case No. 15 C 11140, 2016 WL 2910027, at *5 (N.D. Ill. May 19, 2016) (denying motion to dismiss where disclosure included trade line reporting scheduled payment thereby creating false impression of an ongoing payment obligation). The court distinguished *Connor* in a footnote on the grounds that the plaintiff in *Connor* only argued that the scheduled payment trade line was inaccurate without raising the possibility that it was materially misleading. *Id.* at *6 n.6.

Adopting the approach taken by the court in *Freedom*, the Court finds that Plaintiff has alleged sufficient facts to raise a plausible claim that the Trans Union credit disclosure was materially misleading. Specifically, the Court finds that it is plausible that the monthly payment trade line could materially mislead a prospective lender about the nature of Plaintiff's obligation to make payments on this account particularly when the account continues to list a balance despite being charged off. However, nothing in the Court's decision should be understood to preclude revisiting whether a reasonable jury could find in Plaintiff's favor at the summary judge stage. At this point in the proceedings, though, Plaintiff has alleged sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

10

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant U.S. Auto's Motion to Dismiss [Doc. 31]. In light of the Court's denial of Defendant U.S. Auto's Motion to Dismiss, a Rule 16/26 Order will be forthcoming.

**SO ORDERED**, this 11th day of January, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**